UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA, *et al.* :
: CASE NO. 1:10-CV-01724
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 51, 56]
ALACRAN CONTRACTING, LLC, *et al.* :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this contract dispute, the Defendants file a motion to dismiss Count III of the Plaintiffs' amended complaint. [Doc. 51.] The Plaintiffs also file motion, seeking leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a)(2). [Doc. 56.]

In the amended complaint, filed on November 23, 2010, the Plaintiffs assert three causes of action. The first two claims are brought on behalf of Plaintiff Alliance Mechanical and are asserted against Defendants Weatherproofing Technologies, Inc. and Liberty Mutual Insurance Company. [Doc. 50.] Count I alleges a violation of the Miller Act (40 U.S.C. §§ 3131-3134) and Count II alleges breach of contract. [*Id.*] The third claim (Count III), is brought on behalf of Sunlee Development, LLC against Defendant Weatherproofing Technologies and asserts a claim for quantum meruit. [*Id.*] The Plaintiffs now seek leave under Federal Rule of Civil Procedure 15(a)(2) to file a second amended complaint, which makes small changes to Counts I and II and entirely drops

-1-

Case No. 1:10-CV-01724
Gwin, J.

Count III. [Doc. 56.]

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." The decision whether "justice so requires" the amendment is at the district court's sound discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). As the Sixth Circuit has observed, "[t]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982). Accordingly, the Supreme Court has directed that

> [i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed.R.Civ.P. 15(a)). The Court examines these Foman factors in light of Rule 1's directive that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." *See Foman*, 371 U.S. at 182.

Expanding on *Foman* and *Zenith Radio*, the Sixth Circuit has noted that

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] significantly delay the resolution of the dispute . . .

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir.1994) (citation omitted).

Under the standard set forth by the Supreme Court in *Forman*, the Court finds that leave to allow the amended complaint is proper. First, the Court does not find any motive to delay this action. Rather, in again amending their complaint, the Plaintiffs seek to simplify and narrow the

Case No. 1:10-CV-01724
Gwin, J.

issues in the case. Indeed, the motion seeking leave to file the second amended complaint was filed after the Defendants' motion to dismiss, and is directly responsive to the factual and legal arguments in that motion. If anything, this motion will more the action towards a more speedy resolution.

Having determined that there are valid grounds for the amendment, the Court proceeds to determine whether allowing the amendment would cause undue prejudice to the Defendant. The Court finds no prejudice here. The second amended complaint will narrow, rather than broaden, the legal issues and potential liability of the Defendant and, functionally, will lead to the same result as granting the Defendants' pending motion to dismiss. Further, during a status conference, the Defendants indicated to the Court that they consent to the filing of the second amended complaint.

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' motion to file an amended complaint. [[Doc. 56](#).] Further, the Court **DENIES** the Defendants' motion to dismiss Count III of the amended complaint as moot, since that claim is no longer part of this action. [[Doc. 51](#).]

IT IS SO ORDERED.

Dated: January 18, 2011  s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE