IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 10 CV 50067 |
| v. | )<br>) Magistrate Judge Iain D. Johnston |
| ALACRAN CONTRACTING, LLC, *et al.* | )<br>) |
| Defendants. | ) |

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 11 CV 50126 |
| v. | )<br>) Magistrate Judge Iain D. Johnston |
| ALACRAN CONTRACTING, LLC, *et al.* | )<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Plaintiffs' motions for leave to file amended complaints in Case Nos. 10 CV 50067 [Dkt. 75] and 11 CV 50126 [Dkt. 126]. For the reasons set forth below, the United States and Sunlee Development's motion for leave to file a third amended complaint in 10 CV 50067 [Dkt. 75] is granted in part and denied in part, while the United States and Alliance Mechanical's motion for leave to file a fourth amended complaint in 11 CV 50126 [Dkt. 126] is denied.

## **DISCUSSION**

On 8/20/2014,[1] the Plaintiffs filed motions for leave to file amended complaints in Case Nos. 10 CV 50067 [Dkt. 75] and 11 CV 50126 [Dkt. 116, 126]. In the 2010 case, the Plaintiffs request leave to file a third amended complaint to: 1)

---

[1] In Case No. 2011 CV 50126, the Plaintiff originally filed a motion for leave to file a third amended complaint on 8/20/2014. Dkt. 116. The Plaintiff's motion was denied as moot, and the Plaintiff was given leave to file a new motion. The Plaintiff's motion for leave to file a fourth amended complaint was then filed on 9/8/2010. Dkt. 126.

amend Count I and add Counts IV, V, VI, VII, and VIII to add claims that are currently pending in state court; and 2) add counts II and III against Defendant Liberty Mutual Insurance Company ("Liberty Mutual") for breach of contract and violations of the Illinois Insurance Code (215 ILCS 5/155). In the 2011 case, the Plaintiffs request leave to file a fourth amended complaint to add Counts III and IV against Liberty Mutual for breach of contract and violations of 215 ILCS 5/155.

The Defendants responded to the motions for leave to amend and objected to proposed Counts II and III in the 2010 case and Counts III and IV in the 2011 case against Liberty Mutual for breach of contract and violations of 215 ILCS 5/155. However, in the 2010 case, the Defendants do not object to the Plaintiffs amending Count I and adding Counts IV, V, VI, VII, and VIII as long as the Plaintiffs dismiss those claims in state court. Because the Defendants are unopposed to this amendment, and the Plaintiffs have agreed to the Defendants' request to dismiss those related claims currently pending in the second amended complaint in Winnebago County Case No. 2009 L 454, the Plaintiffs in the 2010 case are granted leave to amend Counts I and add Counts IV, V, VI, VII, and VIII under this Court's supplemental jurisdiction. 28 U.S.C. § 1367.

The Court now turns to the Plaintiffs' request to add new claims against Liberty Mutual in both the 2010 and 2011 cases. The Plaintiffs seek to add two new counts in each case for breach of contract and violations of 215 ILCS 5/155. These claims arise from Liberty Mutual's alleged refusal to pay the Plaintiffs pursuant to a Payment Bond that Liberty Mutual issued. The Plaintiffs claim that Liberty Mutual failed to properly investigate, evaluate and pay them for work performed as subcontractors, and that Liberty Mutual's refusal and delay to pay was without any reasonable basis.

Federal Rule of Civil Procedure 15(a) provides that after a party has amended its pleadings once as a matter of right, "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a scheduling order has been entered and the deadline to file amended pleadings has passed, the party seeking an amendment must first demonstrate good cause under Rule 16(b)(4) before Rule 15(a)'s more liberal standard for amendment applies. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). In determining whether good cause exists, the Court primarily considers the diligence of the party seeking to amend. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). It is within the sound discretion of the District Court to grant or deny leave to amend. *See id.*; *see also* Fed. R. Civ. P. 72(a) (the District Court should not modify or set aside a Magistrate Judge's ruling on a non-dispositive motion unless the factual findings are clearly erroneous or the ruling is contrary to law). The Court will address the application of each rule in turn.

**I. Rule 16 – Good Cause**

In this case, the deadline for filing an amended pleading in both cases was 5/1/2013 [Dkt. 54, 89], and the Plaintiffs' motions for leave to amend were filed on 8/20/2014 [Dkt. 75, 116]. By filing these motions more than one year past the deadline, Rule 16(b)(4) governs.

Under Rule 16(b)(4), the Plaintiffs have failed to show good cause to alter the 5/1/2013 deadline to amend pleadings. As stated above, the focus of Rule 16's "good cause" consideration is the diligence of the party seeking the amendment.

The Plaintiffs have failed to meet their burden of showing good cause under Rule 16. *See Trustmark*, 424 F.3d at 553 (movant bears the burden of showing good cause). In asserting good cause, the Plaintiffs correctly note that these cases have a complicated procedural history. The Court agrees with that initial premise. Indeed, this Court has expended a considerable amount of time attempting to unravel the mysteries of these aged cases. The Plaintiffs' argument then builds from that premise, and asserts that the parties' continued modifications of deadlines (including discovery deadlines) resulted in confusion and uncertainty as to the cut-off date for amended pleadings. The Plaintiffs assert that they were unaware that the continued extension of deadlines did not include an extension of the deadline to file amended pleadings. The Court parts company with the Plaintiffs at this juncture of the syllogism. For sure, discovery dates were extended. Likewise, dates to amend pleadings were extended. However, the Court's orders explicitly provide that the date to file amended pleadings was 5/1/2013. Dkts. 54, 89. Indeed, in these specific orders, the Court segregated the deadlines and stated the following: "Amended Pleadings due by 5/1/2013. Fact Discovery ordered closed by 5/1/2013." Dkts. 54, 89. Thereafter, the Court extended discovery and dispositive motion deadlines, but not amended pleadings deadlines. Dkts. 56, 58, 61-63, 91, 93, 96, 97, 104.

The Court was unable to find any cases supporting the proposition that confusion as to a cut-off date establishes good cause under Rule 16. The Plaintiffs' reliance on *Cordance Corp. v. Amazon.com*, 255 F.R.D. 366 (D. Del. 2009) is misplaced. The movant in that case asserted that it could not amend the pleadings any earlier because it needed discovery to meet the heightened pleading standard of Rule 9. *Id.* at 374. Moreover, to the extent that the *Cordance* decision stands for the proposition that good cause can be established because of repeated modifications of the case management order, the Court declines to follow that decision. Establishing "good cause" because of repeated failures to meet deadlines turn the entire concept on its head. Again, the touchstone of "good cause" is diligence. Repeatedly missing deadlines is the antithesis of diligence.

The parties were given multiple opportunities to amend their pleadings and assert the new claims and defenses before the deadline. Rule 16 is designed to ensure that "at some point both the parties and the pleadings will be fixed." Rule 16, 1983 advisory committee's notes; *see also Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (there must be a point at which a plaintiff makes a commitment to the theory of its case). Deadlines are important. *Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996). "A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." *Id.* at 157.[2]

Accordingly, because the Plaintiffs failed to meet their burden of showing good cause under Rule 16, the motions are denied to the extent they seek to add claims against Liberty Mutual for breach of contract and violations of Section 155 of the Insurance Code.

**II. Rule 15 – Delay and Prejudice**

Even under the less stringent standard of Rule 15, the Court denies leave to amend to add the two proposed claims against Liberty Mutual.

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the U.S. Supreme Court identified a half dozen factors for federal courts to consider in determining whether to allow pleadings to be amended. But the two most important factors are delay and prejudice. *See Chavez v. Illinois State Police*, 251 F. 3d 612, 632-33 (7th Cir. 2001); *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999). In fact, delay and prejudice are related in the context of amending under Rule 15. *In re Ameritech Corp.*, 188 F.R.D. at 284.

**A. Delay**

Delay on its own is usually not reason enough for a court to deny a motion to amend; however, the longer the delay, the greater the presumption against granting leave to amend. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). According to the Seventh Circuit over twenty years ago, "Delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (7th Cir. 1990).

---

[2] For a colorful history of the origins of the word "deadline," *see Brown v. McCabe & Pietzsch, P.A.*, 180 B.R. 325, 326 n. 1 (S.D. Ga. 1995).

Delay in this case can be measured from multiple starting points: from 2009, when Liberty Mutual denied the Plaintiffs' demand for payment; from 2010, when the first case was filed; or from 12/7/2012, when the Court entered the scheduling order, requiring that amended pleadings be made by 5/1/2013. Regardless of which starting point is used, delay exists.

If 2009 is used as the starting point, then the Plaintiffs waited four and a half years after filing their original complaint to assert new claims against Liberty Mutual. From the briefs, it appears to the Court that the Plaintiffs' new claims are based largely on facts known since 9/21/2009, the date of Liberty Mutual's denial of payment in a letter. The Plaintiffs assert that they could not amend any earlier because they were awaiting additional, unidentified information from unspecified sources about the information that Liberty Mutual had in its possession when it denied the Plaintiffs' request for payment. But the Plaintiffs have not identified what this additional information revealed, when they obtained it or why its discovery triggered the desire to amend the complaints.

**B. Prejudice**

Rightfully and not surprisingly, the parties spent a considerable amount of space in their briefs addressing the attendant prejudice to themselves, depending on how the Court rules. At the presentment of the motion, the Court asked the Defendants what, if any, additional discovery would be required if these new claims were added. To the Court's surprise, the Defendants said no additional discovery would be necessary. However, in contrast, in their response brief, the Defendants contend that these two new claims would require additional discovery. In reply, the Plaintiffs note this pivot.

Instead of focusing entirely on the prejudice, if any, to the Defendants, the Court focuses on the prejudice that will be inflicted on it and the judicial system. *See Soltys*, 520 F.3d at 743.

Based upon the Court's recent experience with these cases, the Court believes that adding these two new claims will lengthen this case in at least two respects, resulting in undue prejudice to the Court. First, the Court is confident that the amendment will affect discovery. Discovery in these cases has been a chore. Indeed, since May 2014, the Plaintiffs have filed multiple motions to compel and for sanctions, as well as motions to extend discovery because of the Defendants' failure to produce documents. Dkts. 84, 87, 129, 132. Second, the Court is likewise confident that the addition of these two new claims will beget Rule 12 motions. Indeed, the Defendants have argued that allowing these claims would be futile, meaning that those proposed claims did not state claims. The resulting motions would need to be briefed and decided, unquestionably adding to the delay in the ultimate resolution of these cases.

A district court can deny amendments when concerned with the costs that protracted litigation places on the courts. *Fort Howard Paper Co. v. Continental Casualty Co.*, 901 F.2d 1373, 1380 (7th Cir. 1990). The interests of justice go beyond the interests of the litigants in a particular case; delay in resolving a case may harm other litigants by making them wait longer in the court queue. *Id.* The burden on the judicial system can justify a denial of a motion to amend even if the amendment would cause no hardship at all to the opposing party. *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992).

The Court finds that adding these two new claims will prejudice the Court and the judicial system, including the other litigants whose cases are proceeding through this Division.

In opposing the motions, the Defendants argue that the Plaintiffs are seeking to amend because they have new, additional counsel. Dkts. 78 at p. 7, 127 at p. 3. Certainly, late amendments should not be allowed merely because new or additional counsel take a different direction on a case. *See, e.g., Ross v. American Red Cross*, 567 Fed. Appx. 296, 306-07 (6th Cir. 2014) ("However, the substitution of new counsel does not justify failure to comply with a scheduling order."); *Villa v. Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) ("Furthermore no new facts or changes in the law warranted the filing of an amended complaint, other than the fact that Villa was represented by a new attorney."); *Ansam v. Cola Petroleuum, Ltd.*, 760 F.2d 442, 446 (2nd Cir. 1985); *Rhodes v. Amarillo Hospital District*, 654 F.2d 1148, 1154 (5th Cir. 1981) ("The retention of a new attorney able to perceive or draft different or more creative claims from the same set of facts is itself no excuse for the late filing of an amended complaint."). In reply, the Plaintiffs state the following:

> Moreover, Defendants [sic] are entitled to retain new counsel to zealously advocate and represent them. Even if new counsel reviewed the same documents and evidence as reviewed by co-counsel prior to new counsel's retention, Plaintiffs are entitled to have different counsel identify new viable causes of action that cause no prejudice to Defendants and bring those claims. Dkts. 83 and 128 at p. 4.[3]

The Court does not quibble with the proposition that when a party obtains new or additional counsel, this counsel may see claims, defenses, facts, themes or theories that prior counsel either did not see or did not believe were necessary to raise based on professional judgment. Likewise, the Court does not quibble that if there is no prejudice, amendments should generally be allowed in such circumstances. But as

---

[3] The Court is obligated to clarify this quote so that it is not misconstrued or taken out of context. The Court does not believe that this statement was meant to mean that co-counsel was not a zealous advocate for the Plaintiffs. Indeed, the Court affirmatively states that the Plaintiffs were, and are, represented by zealous, skilled and very competent counsel.

discussed, the Court finds delay and resulting prejudice to the Court and the judicial system under the circumstances of this case.

      The Court makes one final point regarding prejudice. The Court disagrees with the Plaintiffs' vigorous assertion that they will be substantially prejudiced if not allowed to add these additional claims against Liberty Mutual. The Court's ruling does not leave the Plaintiffs without a remedy. Even without these two claims, the Plaintiffs still have two cases and six claims against the Defendants, including a Miller Act claim against Liberty Mutual. The Plaintiffs still have plenty of arrows in their quivers.

      Therefore, the Court finds that the Plaintiffs' leave to amend to add new claims against Liberty Mutual is not warranted, and the motions are denied to that extent. In light of the foregoing, the Court declines to address whether the proposed claims against Liberty Mutual are futile.

Date: October 27, 2014                       /s/ Iain D. Johnston
                                                            United States Magistrate Judge