UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America for Alliance Mechanical, Inc., | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | No. 11 CV 50126 Judge Iain D. Johnston |
| Alacran Contracting, LLC, *et al.* | ) | |
| Defendants. | ) | |

**ORDER**

It is this Court's Report and Recommendation that an order of default be entered against defendant Alacran Contracting, LLC for the reasons detailed below. Any objection must be filed by 4/6/2015. Telephonic status hearing set for 4/23/2015 at 9:00AM. By 4/21/2015 counsel shall provide telephone numbers for the status hearing to the Court's operations specialist, who will initiate the call.

**STATEMENT**

On February 17, 2015, the Court granted the motion to withdraw filed by counsel for defendant Alacran Contracting, LLC, and set the case for a status hearing on February 26, 2015, to allow Alacran time to find new counsel. Dkt. 158. But no attorney filed an appearance for Alacran and no attorney attended the February 26, 2015, hearing. Dkt. 159. The Court then set the case over for a status hearing on March 17, 2015, again to allow Alacran time to find counsel, and warned that failure to find counsel may lead to a Report and Recommendation that default be entered against the Alacran. *Id.* Again, by March 17, 2015, no attorney had filed an appearance for Alacran or represented it at that day's status hearing. Alacran had adequate notice of both the February 26, 2015, and March 17, 2015, court dates: the Court directed former defense counsel to provide Alacran notice of the February 26, 2015, status hearing upon his withdrawal, Dkt. 158, and directed the court clerk to mail notice of the March 17, 2015, status date to Alacran's principal, Dai Bui, Dkt. 159, which was not returned undeliverable. *Wilson v. Ghosh*, No. 09 CV 3956, 2013 WL 5818602, at *1 (N.D. Ill. Oct. 29, 2013) ("Under the common law mailbox rule, a properly addressed letter placed in the mail is presumed to be delivered and received."). In addition, counsel for co-defendant Liberty Mutual Insurance Co. made multiple attempts to contact Mr. Bui before the March 17, 2015, status hearing by phone and e-mail, but received no responses.

Alacran's failure to defend follows a history of shirking its duties to comply with court orders and rules. Specifically, Alacran failed to meet its obligations to

produce discovery requested that required multiple court orders granting motions to compel, Dkts. 131, 141, as well as a motion for sanctions that remains pending while a court-appointed forensics investigator examines Alacran's electronic databases (which itself has been delayed by Alacran's failure to defend). Alacran has exhibited similar conduct in other cases before this court. *See Weatherproofing Technologies v. Alacran/O&S JV, LLC*, No. 13 CV 50378; *United States v. Alacran*, No. 10 CV 50067.

In light of the history of failing to comply with court rules and orders, as well as its failure to obtain counsel and appear at the February 26 and March 17, 2015, status hearings, it is this Court's Report and Recommendation that the district court enter an order of default under both Federal Rule of Civil Procedure 55(a) based on Alacran's failure to otherwise defend, Rule 37(c) for its failure to comply with plaintiffs' discovery requests, as well as a court's inherit authority to sanction litigants who abuse the judicial process. *See Flowers v. United States Postal Service*, No. 08 CV 552, 2009 WL 691291, at *2 (N.D. Ill. Mar. 16, 2009) (court "unquestionably had the authority to hold the defendant in default for its failure to abide by the Court's orders on two separate occasions").

Any objection to this Report and Recommendation must be filed by April 6, 2015.

Date: March 20, 2015          By: _____
                                  Iain D. Johnston
                                  United States Magistrate Judge